AO 106 (Rev. 04/10)  Application for a Search Warrant

FILED
LODGED
RECEIVED

JUN -1 2016

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT

for the
Western District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Microsoft/Skype account with username "kjomart1" | )<br>)<br>)<br>)<br>)<br>) |

Case No.  **MJ 16-252**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Microsoft/Skype account with username "kjomart1" further described in Attachment A, attached hereto,

located in the _____ Western _____ District of _____ Washington _____ , there is now concealed *(identify the person or describe the property to be seized)*:

SEE Attachment B, attached hereto and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252(a)(2); | Receipt or Distribution of Depictions of Minors Engaged in Sexually Explicit Conduct; |
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Depictions of Minors Engaged in Sexually Explicit Conduct |

The application is based on these facts:

SEE Affidavit of S/A Scott Sutehall.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SCOTT SUTEHALL, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/1/16

_____
*Judge's signature*

City and state:  Seattle, Washington

BRIAN A. TUSCHIDA, United States Magistrate Judge
*Printed name and title*

2016R00446

## ATTACHMENT A

### Place to Be Searched

The electronically stored information and communications contained in, and associated with Skype username "kjomart1," as well as all other subscriber and log records associated with the account, which are located at premises owned, maintained, controlled or operated by Microsoft Corporation, headquartered at One Microsoft Way, Redmond, WA 98052.

(2016R00446)

## ATTACHMENT B

### ITEMS TO BE SEIZED

### Section I – Items to be provided by Microsoft/Skype for Search

All electronically stored information and communications contained in the Skype account/username "kjomart1" for the past 180 days, including, but not limited to:

a. Information captured at the time of account registration, including the date and time of account opening, the user's full name, billing address, date of birth, phone number, related email account(s), alias(es), screen name(s), and the IP address from which the account was created;

b. The user's payment method, including checking and/or credit card number(s), and detailed billing records;

c. Skype Numbers currently subscribed to, as well as a historical list of Skype Number(s) subscribed to;

d. Historical call detail records for calls placed to the public switched telephone network (PSTN);

e. Historical call detail records for calls received from the public switched telephone network (PSTN);

f. SMS historical detail records;

g. Historical Skype WiFi hotspots records;

h. Historical record of e-mail and password change activity;

i. The user's Skype contact/buddy list;

j. Any and all other log records, including IP address captures;

k. The user's chat records and media content, including the content of all messages sent and received for the past 180 days, the date and time those messages were sent, the type of Skype client/application (website, desktop, mobile, etc.) used to send/receive the message, the Skype username(s) of the message sender and receiver, and all media, including but not limited to images, videos, and/or audio recordings, sent and received.

(2016R004464)

## ATTACHMENT B

## ITEMS TO BE SEIZED

### Section II – Items to be Seized

From all electronically stored information and communications contained in the Microsoft/Skype account/username "kjomart1":

a.     All messages, attachments, documents, and profile information, or other data that serves to identify any persons who use or access the account specified, or who exercise, in any way, any dominion or control over the specified account;

b.     Any address lists or buddy/contact lists associated with the specified account;

c.     All images and/or videos depicting child pornography, any messages or documents relating to the transmission of child pornography (including any attachments thereto), any evidence of child sexual abuse,, and any other data that otherwise constitute evidence, fruits, or instrumentalities of violations of 18 U.S.C. § 2252(a)(2) (Receipt or Distribution of Depictions of Minors Engaged in Sexually Explicit Conduct) and 18 U.S.C. § 2252(a)(4)(B) (Possession of Depictions of Minors Engaged in Sexually Explicit Conduct);

d.     All subscriber records associated with the specified account, including name, address, records of session times and durations, length of service (including start date) and types of service utilized, telephone or instrument number or other subscriber number or identity, (including any temporarily assigned network address, and means and source of payment for such service) including any credit card or bank account numbers;

e.     Any and all other log records, including IP address captures, associated with the specified account; and

f.     Any records of communications between Microsoft/Skype, and any person about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users about the specified account.  This is to include records of contacts between the subscriber and the provider's support services, as well as records of any actions taken by the provider or subscriber as a result of the communications.

(2016R004464)

1

**AFFIDAVIT**

2  STATE OF WASHINGTON  )

3                                        )       ss

   COUNTY OF KING           )

4

5

**I. INTRODUCTION**

6  I, Scott Sutehall, being first duly sworn on oath, depose and say:

7          1.         I am a Special Agent (SA) with the U.S. Department of Homeland Security,

8  Homeland Security Investigations (HSI), assigned to the Seattle, Washington, field office.

9  HSI is responsible for enforcing the customs and immigration laws and federal criminal

10  statutes of the United States.  I have been an agent with HSI since 2008, assigned to the

11  Child Exploitation Unit since 2013.  As part of my duties I investigate criminal violations

12  relating to child exploitation and child pornography, including violations pertaining to the

13  illegal production, distribution, receipt, and possession of child pornography and material

14  involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2251, 2252(a), and

15  2252A(a).  I am a graduate of the Federal Law Enforcement Training Center (FLETC), HSI

16  Special Agent Training Program, and have received further specialized training in

17  investigating child pornography and child exploitation crimes.  I have also had the

18  opportunity to observe and review examples of child pornography (as defined in 18 U.S.C.

19  § 2256(8)).  I have participated in the execution of previous search warrants which involved

20  child exploitation and/or child pornography offenses and the search and seizure of computers

21  and other digital devices.  I am a member of the Seattle Internet Crimes Against Children

22  (ICAC) Task Force in the Western District of Washington, and work with other federal,

23  state, and local law enforcement personnel in the investigation and prosecution of crimes

24  involving the sexual exploitation of children.

25          2.         I make this Affidavit in support of an application for a search warrant, pursuant

26  to 18 U.S.C. § 2703, to search the electronic communications contained in the

27  Microsoft/Skype account with username "kjomart1" (hereinafter the SUBJECT SKYPE

28  ACCOUNT) more fully described in Attachment A to this Affidavit, attached hereto and

S/A SUTEHALL AFFIDAVIT - 1
Skype Account "kjomart1"

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1   incorporated herein, as well as all other subscriber and log records associated with this
2   account, to seize the items listed in Attachment B, attached to this Affidavit and incorporated
3   herein by reference, for evidence, fruits, and instrumentalities of violations of 18 U.S.C.
4   § 2252(a)(2) (Receipt or Distribution of Depictions of Minors Engaged in Sexually Explicit
5   Conduct), and 18 U.S.C. § 2252(a)(4)(B) (Possession of Depictions of Minors Engaged in
6   Sexually Explicit Conduct).
7         3.      The facts set forth in this Affidavit are based on my own personal knowledge;
8   knowledge obtained from other individuals during my participation in this investigation,
9   including other law enforcement officers; review of documents and records related to this
10  investigation; communications with others who have personal knowledge of the events and
11  circumstances described herein; and information gained through my training and experience.
12        4.      Because this Affidavit is submitted for the limited purpose of establishing
13  probable cause in support of the application for a search warrant, it does not set forth each
14  and every fact that I or others have learned during the course of this investigation.  I have set
15  forth only the facts that I believe are relevant to the determination of probable cause to
16  believe that evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252(a)(2)
17  (Receipt or Distribution of Depictions of Minors Engaged in Sexually Explicit Conduct) and
18  18 U.S.C. § 2252(a)(4)(B) (Possession of Depictions of Minors Engaged in Sexually Explicit
19  Conduct), will be found in the SUBJECT SKYPE ACCOUNT.
20                    **II. STATEMENT OF PROBABLE CAUSE**
21  **Case Initiation: Investigation of Jeffrey Gibson**
22        5.      In January 2016, while acting in an undercover capacity, I utilized a law
23  enforcement version of eMule, a commonly used peer-to-peer (P2P) file sharing program for
24  the eD2k file sharing network, to monitor for P2P users possessing and distributing image
25  and video files depicting child pornography.  I utilized the law enforcement version of eMule
26  to download several files depicting child pornography from a P2P user at IP address
27  67.160.23.81.
28

S/A SUTEHALL AFFIDAVIT - 2
Skype Account "kjomart1"

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

6.      A query of a publicly available database revealed IP address 67.160.23.81 belonged to Internet Service Provider (ISP) Comcast Communications.

7.      In January 2016, I submitted two Department of Homeland Security (DHS) administrative summonses to Comcast requesting subscriber information for IP address 67.160.23.81 during the dates and times the subject video files were downloaded.  Comcast provided the requested information: on the dates and times the subject video files were downloaded, IP address 67.160.23.81 was assigned to Jeffrey Gibson (hereinafter "Gibson") at the residence located at a residence on 222nd Street SW, Mountlake Terrace, Washington (hereinafter the "Mountlake Terrace residence").

8.      The investigation revealed that Gibson resided at the Mountlake Terrace residence with his girlfriend (hereinafter "Girlfriend"), his minor daughter (hereinafter "Daughter"), and girlfriend's mother, (hereinafter "Mother").

9.      On February 8, 2016, I obtained a federal search warrant for the Mountlake Terrace residence.  On February 12, 2016, HSI agents, including myself, executed the warrant at the Mountlake Terrace residence.  Agents encountered Gibson, Girlfriend, Mother, and Daughter living at the residence.

10.      U.S. Postal Inspector Samantha Knoll and I attempted to interview Gibson in a law enforcement vehicle parked in front of the residence.  After I showed Gibson a copy of the search warrant and read Gibson his Miranda rights, he stated that he wanted an attorney present before answering any questions.  No questions were asked.

11.      During the search of the Mountlake Terrace residence, several computers and digital devices were forensically examined (onsite) by HSI Computer Forensic Agents. During the onsite examination of an Asus laptop, which was found on the floor in Gibson and Girlfriend's bedroom, on Gibson's side of the bed, agents located child pornography files.  During the warrant service, I showed Girlfriend this Asus laptop and asked who owned and used the device.  Girlfriend told me that it belonged to Gibson and was exclusively used by Gibson.  In addition this Asus laptop, several other computers, digital devices, and digital media were seized from the residence pursuant to the search warrant.

S/A SUTEHALL AFFIDAVIT - 3
Skype Account "kjomart1"

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1       12.     At the conclusion of the warrant service, Gibson was arrested by Snohomish

2   County Sheriff's Office Detective Nicole Richardson based on probable cause that he

3   committed the following violation of Washington State law: RCW 9.68A.050, Dealing

4   Depictions of Minors Engaged in Sexually Explicit Conduct, and RCW 9.68A.070,

5   Possession of Depictions of Minors Engaged in Sexually Explicit Conduct.  On or about

6   March 2, 2016, Gibson was released and is not currently in custody.

7       13.     The digital devices seized from the Mountlake Terrace residence were

8   examined and searched by HSI Computer Forensic Agents at the HSI Seattle office.  The

9   examination revealed Gibson possessed thousands of child pornography image and video

10   files on several of the seized devices.  Those devices included the aforementioned Asus

11   laptop computer, a Sony laptop computer, a Toshiba laptop computer, a Samsung cell phone,

12   a 32 gigabyte (GB) USB thumb drive, and four CDs/DVDs.  On the Asus laptop,

13   approximately 4,000 child pornography files were located, including several video files

14   depicting the sexual abuse of babies and toddlers.  The examination also revealed that the

15   eMule P2P software program was installed on the Asus laptop.  Furthermore, the user hash

16   ID – which is a unique identifying number assigned to each specific software program

17   installed on a computer – of the eMule program installed on the Asus laptop exactly matched

18   the user hash ID of the eMule program used by the P2P user from which I covertly

19   downloaded child pornography files to initiate the investigation.

20   **Information obtained from Gibson during proffer**

21       14.     On or about March 28, 2016, Gibson's attorney (hereinafter "Defense

22   Attorney"), informed Robert Grant, Deputy Prosecuting Attorney with the Snohomish

23   County Prosecutor's Office, that Gibson may have information about an individual allegedly

24   involved in producing child pornography.

25       15.     On May 3, 2016, at approximately 2:30 p.m., a proffer was conducted with

26   Gibson at the Snohomish County Prosecutor's Office.  SA Adam Anderson, Deputy

27   Prosecuting Attorney Robert Grant, Gibson, Defense Attorney, and I were present.  A proffer

28   agreement between the State of Washington and Gibson was signed by Gibson and Defense

S/A SUTEHALL AFFIDAVIT - 4
Skype Account "kjomart1"

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1    Attorney at the outset of the proffer.  During the ensuing proffer, Gibson stated the

2    following, non-verbatim:

3        16.    On or about the summer of 2015, Gibson responded to an advertisement (ad)

4    on Craigslist.com.  Gibson was unsure exactly what the ad stated, but said it related to

5    "taboo" sexual interests.  Gibson communicated with the individual who posted the ad via

6    his Hotmail email account.  Soon thereafter, Gibson met this individual in person near the

7    Northgate Mall in Seattle, Washington, for approximately thirty minutes.  During the

8    meeting they discussed their sexual and/or taboo interests.  Gibson said the individual's

9    name is KYLE TATE.  Gibson stated that KYLE TATE was Filipino, but was unsure where

10   KYLE TATE was born.  Gibson stated KYLE TATE was gay, and believed he is

11   approximately thirty years old.

12       17.    Gibson met with KYLE TATE on one other occasion, at KYLE TATE's

13   residence in Seattle.  Gibson could not recall the address, but said he could identify where

14   this residence was located if shown a map.  Mr. Grant proceeded to show Gibson a map (on

15   his cell phone).  Gibson navigated the map and pointed to the intersection of Stone Avenue

16   North and North 49th Street, stating that KYLE TATE's residence was one of the first two or

17   three houses west of Stone Avenue North, on the south side of North 49th Street.  When

18   asked what KYLE TATE's residence looked like, Gibson stated there were stairs that

19   worked from right to left (when facing the residence from North 49th Street) from the

20   sidewalk up to the front porch of the residence.  Gibson was unsure of the color, but said the

21   house might have been blue.

22       18.    During the meeting at KYLE TATE's residence, which also lasted

23   approximately thirty minutes, Gibson stated that he and KYLE TATE viewed and exchanged

24   electronic files depicting child pornography.  Gibson stated KYLE TATE possessed child

25   pornography files on his (KYLE TATE's) Apple MacBook laptop and cell phone.  Gibson

26   could not recall what brand of cell phone KYLE TATE had, but said it was not an Apple

27   product.  Gibson further stated that KYLE TATE physically showed him (Gibson) child

28   pornography files on both of those devices.  When asked what kind of child pornography

S/A SUTEHALL AFFIDAVIT - 5
Skype Account "kjomart1"

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1  files KYLE TATE possessed and showed him, Gibson said the child pornography files

2  depicted very young children, and mostly boys.

3      19.    Gibson stated that he believed KYLE TATE worked for a childcare facility or

4  at a school, but was unsure of the name or location of the facility.

5      20.    Gibson stated KYLE TATE said that he had a niece, approximately four years

6  old, whom he often watched or babysat.  Gibson stated KYLE TATE said he would "play"

7  with his niece when he babysat her.  Gibson stated that KYLE TATE never actually told him

8  that he sexually abused his niece, but Gibson believed KYLE TATE may have meant he was

9  sexually abusing his niece by the way he said he "played" with her.  Gibson said that KYLE

10  TATE emailed Gibson on at least one occasion stating that he was watching his niece and

11  invited Gibson over to KYLE TATE's residence.  Gibson stated he never met KYLE

12  TATE's alleged niece, and that he believed the above described meeting at KYLE TATE's

13  residence was the last time they met in person.

14      21.    When asked if he knew how KYLE TATE obtained child pornography files,

15  Gibson stated that, in addition to meeting with child pornography collectors in person, he

16  recalled KYLE TATE told him he used Skype.  Gibson didn't believe KYLE TATE used

17  P2P file sharing networks to obtain or share child pornography.  Gibson stated he and KYLE

18  TATE only exchanged child pornography files in person, and that they didn't use email or

19  any other electronic methods.  Gibson recalled that KYLE TATE did have a Facebook

20  profile.

21  **Investigation of KYLE TATE**

22      22.    Records checks conducted via law enforcement databases revealed that KYLE

23  TATE (DOB 1982; SSN XXX-XX-6600) has been associated with the residence located at

24  1223 North 49th Street, Seattle, Washington (hereinafter the "SUBJECT PREMISES") since

25  approximately July 2014.  Records checks conducted via the Washington State Department

26  of Licensing (WSDOL) revealed that on March 5, 2016, KYLE TATE was issued a driver's

27  license in which the address listed is the SUBJECT PREMISES.

28

23.     On May 5, 2016, an official with the United States Postal Inspection service told me that individuals with the last name Tate and an individual referred hereafter as "INDIVIDUAL Y" are receiving mail at the SUBJECT PREMISES.

24.     Open source research conducted on KYLE TATE's Facebook page revealed that KYLE TATE attended Whitworth University (in Spokane, Washington) and grew up in Basin, Wyoming.  Further, because KYLE TATE's Facebook page is open and viewable by anyone, I was able to view several albums that contained dozens of photos of KYLE TATE, in various settings.  The photos of KYLE TATE on his Facebook page match the photo of KYLE TATE on his Washington State driver's license.

25.     Also while reviewing KYLE TATE's Facebook account, I observed that on January 30, 2014, KYLE TATE made a post to his Facebook page, stating: "My very first Mac! My partner, a former Microsoft employee, wasn't happy…..Oh well! It's really pretty." A picture was attached to this post that depicted a silver Apple MacBook Air laptop computer.  The laptop is resting on a white MacBook Air box, which appears to be on a table or desk.  Thus, it appears KYLE TATE purchased an Apple MacBook Air laptop on or before January 30, 2014.  As stated above, during the aforementioned proffer, Gibson stated that during the summer of 2015 he viewed child pornography files on KYLE TATE's Apple MacBook laptop computer.

26.     On May 4, 2016, I submitted a DHS Summons to Comcast requesting subscriber information and IP address connection history for the SUBJECT PREMISES. Later on May 4, 2016, Comcast responded, stating that INDIVIDUAL Y is the current subscriber of internet service at the SUBJECT PREMISES.

27.     Records checks conducted via the King County Assessor's Office revealed that the SUBJECT PREMISES, a single family residence built in 1918, contains approximately 820 square feet (finished) and 360 square feet (unfinished), and is owned by a person hereinafter referred to as "INDIVIDUAL P."

28.     Additional records checks conducted via the WSDOL revealed that on March 21, 2014, INDIVIDUAL Y (DOB 1963) was issued a driver's license in which the

S/A SUTEHALL AFFIDAVIT - 7
Skype Account "kjomart1"

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

address listed was the SUBJECT PREMISES.  Additionally, on May 29, 2015, another person (hereinafter referred to as "INDIVIDUAL O" (DOB 1965)), was issued a driver's license in which the address listed was the SUBJECT PREMISES.

29.     On May 4, 2016, I conducted surveillance of the SUBJECT PREMISES.  I observed that the SUBJECT PREMISES is located at the intersection of Stone Avenue North and North 49th St.  I also observed that the SUBJECT PREMISES is located on the south side of North 49th Street, and is the first house west of Stone Avenue North.  When facing the SUBJECT PREMISES, stairs lead up from the sidewalk to an elevated front porch, from right to left.  This information matches very closely the information provided by Gibson during the proffer detailed above.  However, I observed the SUBJECT PREMISES to have white colored wood siding, while Gibson thought the color of KYLE TATE's house might be blue (stated above).

30.     While conducting surveillance of the SUBJECT PREMISES I observed a white Chevy Malibu sedan parked on the street directly in front of the SUBJECT PREMISES.  Records checks revealed that this vehicle is registered to KYLE TATE at the SUBJECT PREMISES.  The registration expires on August 1, 2016.  I also observed a green Subaru parked on the street in front of the SUBJECT PREMISES, which is registered to INDIVIDUAL Y at the SUBJECT PREMISES.  I did not observe any vehicles in the vicinity registered to INDIVIDUAL O.

31.     At approximately 8:00 a.m. I observed a white male exit the SUBJECT PREMISES through the front door and depart the area in a white Toyota pickup truck with "Food Bank" markings on the truck.  Records checks revealed this vehicle is registered to the University District Food Bank at 4731 15th Avenue North, Seattle, WA 98105.  I believe the individual who departed in the Toyota truck may have been INDIVIDUAL Y, based on a photo I have seen of INDIVIDUAL Y.

32.     At approximately 8:25 a.m. I observed an individual who I believed to be KYLE TATE (based on several photos I had seen of KYLE TATE) exit the SUBJECT PREMISES through the front door and depart the area on foot.  I followed KYLE TATE

S/A SUTEHALL AFFIDAVIT - 8
Skype Account "kjomart1"

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1  several blocks on foot and observed KYLE TATE board a King County Metro bus, route 62.

2  I boarded the bus and sat a few seats behind KYLE TATE.  I observed that on several

3  occasions KYLE TATE used a white Samsung cell phone.  At approximately 8:55 a.m. I

4  observed KYLE TATE get off the bus at the intersection of Dexter Avenue North and Aloha

5  Street.  I followed KYLE TATE on foot for several blocks and observed KYLE TATE walk

6  into a building at 1210 Valley Street, Seattle, WA 98109 at approximately 9:05 a.m.  I

7  observed that there was an outdoor playground adjacent to the side door of the building.  I

8  also noticed that KYLE TATE entered the building through the playground and side door,

9  rather than the front door.

10      33.     Later on May 4, 2016, I conducted open source Internet research of the

11  business located at 1210 Valley Street and learned that it is the Hutch Kids Child Care

12  Center, a child care center for employees of the Fred Hutchinson Cancer Research Center

13  that enrolls and cares for infants, toddlers, and preschool-aged children.  On the website for

14  the Hutch Kids Child Care Center, I located a section called Staff Biographies.  Under

15  "Teaching Staff" I observed a list of biographical narratives for several individuals, listed by

16  first name.  I observed the following narrative under the name "Kyle:"

17  "I grew up in Basin, Wyoming, and attended Whitworth College (it changed its
18  name to Whitworth University after I graduated) in Spokane, WA, where I
    graduated with a Bachelor of Arts in Music.  I have worked as a tutor in high
19  school for elementary students and as an ESL tutor during my college
20  education for Spokane Public Schools.  After graduation of college I worked as
    a caregiver for adults with developmental disabilities, as well as for the elderly.
21  Before coming to Hutch Kids I worked for the YMCA in their childhood
22  program, and as a preschool teacher for a corporate child care center.  I also
    have taught individual music lessons to both adults and children in my spare
23  time.  I enjoy running half and full marathons, cycling, playing volleyball and
24  ultimate Frisbee."

25      34.     The information provided in this biography – namely growing up in Basin,
26  Wyoming, and attending Whitworth College – matches information found on KYLE TATE's
27  Facebook page.  It appears that in addition to currently working as a child care provider at a
28

S/A SUTEHALL AFFIDAVIT - 9
Skype Account "kjomart1"

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

local child care facility, KYLE TATE has tutored elementary school aged children, taught music lessons to children, and worked as a childcare provider at multiple businesses and/or facilities in the past.

35.     On May 5, 2016, HSI Computer Forensic Agents conducted additional examination of the devices seized from Gibson on February 12, 2016. On Gibson's seized Samsung cell phone, which was found on the floor in Gibson and Girlfriend's bedroom, on Gibson's side of the bed, Computer Forensic Agent (CFA) Natane Adkins located a contact under the name "Kyle" with phone number 206-861-2168. This phone number is an exact match of a cell phone number listed for KYLE TATE in a law enforcement database.

36.     On May 5, 2016, I obtained a federal search warrant for the SUBJECT PREMISES from United States Magistrate Judge Mary Alice Theiler. On May 6, 2016, I, along with other law enforcement officers, executed the warrant at the SUBJECT PREMISES.

37.     At approximately 8:15 a.m., Seattle Police Department (SPD) Detective Daljit Gill and I interviewed KYLE TATE inside a law enforcement vehicle parked in front of the SUBJECT PREMISES. I showed KYLE TATE a copy of the search warrant, including attachments, which he read. I stated that agents would be searching his residence for evidence of child pornography. KYLE TATE said he understood. At approximately 8:18 a.m. I read KYLE TATE his Miranda rights. He stated that he understood his rights and that he would answer questions and talk with us about the investigation. During the interview, KYLE TATE admitted to possessing child pornography files, both videos and images, on a white and black thumb drive that was located in his residence. He said there would be hundreds, if not thousands, of child pornography files on this thumb drive. KYLE TATE physically showed me and other agents where the USB thumb drive was located, which was inside a zippered pocket of a backpack inside the SUBJECT PREMISES. He said he would plug this USB thumb drive into his Apple MacBook Air laptop computer to view the child pornography files. He said he most recently viewed the child pornography files about two weeks prior. He said he would sometimes masturbate while viewing the child

S/A SUTEHALL AFFIDAVIT - 10
Skype Account "kjomart1"

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1   pornography files.  During the onsite examination of the USB thumb drive (a 64GB PNY

2   drive) by HSI Computer Forensic Agents, agents located child pornography files.

3       38.   KYLE TATE said he obtained the child pornography files when he met with

4   two individual he met over Craigslist.  He explained that he met both individuals in person at

5   his residence, the SUBJECT PREMISES, within the last two years.  He said the other

6   individuals gave him USB thumb drives containing child pornography, including the white

7   and black USB thumb drive described above.

8       39.   KYLE TATE said he conducts video chats/calls via Skype during which he

9   views images and videos depicting child pornography with others.  KYLE TATE further

10  stated that he has masturbated while viewing child pornography files over Skype video chats.

11  KYLE TATE said his Skype username is "kjomart1" (the SUBJECT SKYPE ACCOUNT).

12      40.   KYLE TATE confirmed that he works for the Hutch Kids Child Care Center.

13  He said he works as an "infant teacher."  He said he's worked for this child care facility for

14  approximately five years.  Prior to that, he worked for the Kindercare childcare center near

15  Northgate Mall in Seattle for approximately two years, primarily with two and three year

16  olds.  Prior to that, he worked for the YMCA attached to the T.T. Minor Elementary in

17  Seattle, in their before/after school daycare program.

18      41.   KYLE TATE stated that he has had fantasies about sexually abusing children,

19  boys and girls, ranging from infants to middle school ages.  He fantasized about "helping

20  them explore a man's body."  He fantasized about children touching him on his genitals and

21  about him touching them on their genitals.  He also fantasized about inserting his penis into a

22  child's mouth and anus.

23      42.   KYLE TATE stated that during video chat conversations over Skype, he

24  discussed trying to find a child to help them "explore his body."  He also talked to people

25  over Skype video calls about going to another country, possibly Thailand or somewhere in

26  Asia or Europe, to find children to "play with," "be naked with," and "be sexual with."  He

27  said he talked about doing this with elementary or middle school-aged children.

28

S/A SUTEHALL AFFIDAVIT - 11
Skype Account "kjomart1"

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

43.     KYLE TATE admitted to having urges to inappropriately touch or molest children and that he recently acted on those urges.  He said he had urges to touch a female infant he recently babysat.  He said he currently takes care of this infant at the Hutch Kids Child Care Center, and that he babysat the infant on the side at the family's home in or about October 2015.  He said the infant is eleven months old.  He said he fantasized about "what it would feel like to put his finger inside her vagina."  He said that while he was changing the infant's diaper on a changing table, after he used wet wipes to clean her and put diaper cream on her, he "grazed his finger over her anus."  When asked what he was thinking at the time, he said he didn't know what he was thinking, but stated he "had an urge."

44.     At the conclusion of the warrant service, KYLE TATE was arrested based on probable cause that he committed violations of 18 U.S.C. § 2252(a)(4)(B) (Possession of Depictions of Minors Engaged in Sexually Explicit Conduct).

45.     The digital devices seized from the SUBJECT PREMISES examined and searched by HSI Computer Forensic Agents at the HSI Seattle office pursuant to the search warrant.  The examination revealed KYLE TATE possessed thousands of child pornography image and video files – including dozens of files depicting the sexual abuse of babies and toddlers – on several of the seized devices.  Child pornography files were located on the aforementioned white and black PNY 64GB USB flash drive, a Blackberry cell phone, and a Dell laptop computer.

46.     Additionally, agents located evidence of Skype chat logs on KYLE TATE's seized Apple MacBook Air laptop and Blackberry cell phone.  The Skype username on both of those devices is "kjomart1" (the SUBJECT SKYPE ACCOUNT).  As stated above, during the interview of KYLE TATE on May 6, 2016, he said his Skype username was "kjomart1" (the SUBJECT SKYPE ACCOUNT).

47.     In summary, during a proffer with Gibson on May 3, 2016, he recalled that KYLE TATE told him that he (KYLE TATE) obtained child pornography files via Skype. During the interview of KYLE TATE on May 6, 2016, he stated that he viewed child pornography files over Skype video chats and that he masturbated during those video chat

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1  sessions. KYLE TATE also said he conversed with others over Skype video chats about

2  sexually abusing children and possibly travelling to other countries to sexually abuse

3  children. KYLE TATE told me that his Skype username was "kjomart1" (the SUBJECT

4  SKYPE ACCOUNT). During the examination and search of digital devices seized from

5  KYLE TATE, agents located this exact Skype account/username on multiple devices, as well

6  as a large collection of child pornography files.

7                    **III.  PAST EFFORTS TO OBTAIN EVIDENCE**

8        48.     I understand that certain contents of the SUBJECT SKYPE ACCOUNT

9  (identified in Paragraph 2) can only be obtained, in the Ninth Circuit, by means of a search

10  warrant issued under authority of 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), 2703(c)(1)(A), and

11  Federal Rule of Criminal Procedure 41(e)(2)(b). To my knowledge, there have been no prior

12  attempts to secure a search warrant to search and seize these records. However, on May 12,

13  2016, I submitted a Preservation Request to Microsoft Corporation requesting that records

14  and evidence relating to the SUBJECT SKYPE ACCOUNT be preserved pursuant to

15  18 U.S.C. §§ 2703(f), pending further legal process. On May 23, 2016, the Preservation

16  Request was confirmed and assigned reference number 255667.

17              **IV. GENUINE RISKS OF DESTRUCTION OF EVIDENCE**

18        49.     Based upon my experience and training, it is not uncommon for technically

19  sophisticated criminals to use encryption or programs to destroy data that can be triggered

20  remotely, or by a pre-programed event or keystroke, or other sophisticated techniques to hide

21  data. In this case, the data this application seeks is stored on an enterprise storage system,

22  also known as a server, belonging to Microsoft/Skype. If that data is accessed and deleted by

23  the user, by either deleting the emails or any associated contact lists, the content would not

24  be retrievable. Unlike traditional computer forensics where a hard drive can be searched and

25  deleted documents recovered, information stored in an enterprise storage system is

26  irretrievable once it has been deleted. Further, since this information is accessible from

27  anywhere that the suspect can obtain an Internet connection to log on to his account, he can

28  delete this information in a matter of minutes.

S/A SUTEHALL AFFIDAVIT - 13
Skype Account "kjomart1"

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

## V. PROTOCOL FOR SORTING SEIZABLE ELECTRONICALLY STORED INFORMATION

50.     In order to ensure that agents are limited in their search only to the SUBJECT SKYPE ACCOUNT (and any attachments, stored messages, stored voice messages, documents, and photographs/videos associated therewith); in order to protect the privacy interests of other third parties who have accounts at Microsoft/Skype; and in order to minimize disruptions to normal business operations of Microsoft/Skype; this application seeks authorization to permit agents and employees of Microsoft/Skype to assist in the execution of the warrant, pursuant to 18 U.S.C. § 2703(g) as follows:

    a.  The search warrant will be presented to Microsoft/Skype, with direction that it identify and isolate associated records described in Section I of Attachment B.

    b.  Microsoft/Skype will also be directed to create an exact duplicate in electronic form of the email account and records specified in Section I of Attachment B, including an exact duplicate of the content of all messages stored in the specified account.

    c.  Microsoft/Skype shall then provide an exact digital copy of the contents of the SUBJECT SKYPE ACCOUNT, as well as all other records associated with the account, to me or to any other agent of HSI.  Once the digital copy has been received from Microsoft/Skype, that copy will, in turn, be forensically imaged and only that image will be reviewed and analyzed to identify communications and other data subject to seizure pursuant to Section II of Attachment B.  The original digital copy will be sealed and maintained to establish authenticity, if necessary.

    d.  I and/or other agents of HSI will thereafter review the forensic image, and identify from among that content those items that come within the items identified in Section II to Attachment B, for seizure.  I and/or other agents of HSI will then copy those items identified for seizure to separate media for future use in the investigation and prosecution.  The forensic copy of the

complete content of the email accounts will also then be sealed and retained by HSI, and will not be unsealed absent Court authorization, except for the purpose of duplication of the entire image in order to provide it, as discovery, to a charged defendant.

e.  Analyzing the data contained in the forensic image may require special technical skills, equipment, and software. It could also be very time-consuming. Searching by keywords, for example, can yield thousands of "hits," each of which must then be reviewed in context by the examiner to determine whether the data is within the scope of the warrant. Merely finding a relevant "hit" does not end the review process. Keywords used originally need to be modified continuously, based on interim results. Certain file formats, moreover, do not lend themselves to keyword searches, as keywords search text, and many common electronic mail messaging, database, and spreadsheet applications do not store data as searchable text. The data is saved, instead, in proprietary non-text format. And, as the volume of storage allotted by service providers increases, the time it takes to properly analyze recovered data increases, as well. Consistent with the foregoing, searching the recovered data for the information subject to seizure pursuant to this warrant may require a range of data analysis techniques and may take weeks or even months.

f.  Based upon my experience and training, and the experience and training of other agents with whom I have communicated, it is necessary to seize all messages, chat logs, and documents, that identify any users of the subject account and any messages sent or received in temporal proximity to incriminating messages that provide context to the incriminating communications.

S/A SUTEHALL AFFIDAVIT - 15
Skype Account "kjomart1"

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

g.   All forensic analysis of the image data will employ only those search protocols and methodologies reasonably designed to identify and seize the items identified in Section II of Attachment B to the warrant.

## VII.  CONCLUSION

51.     Based upon the evidence gathered in this investigation and set out above, including, but not limited to, my review of data and records, information received from other law enforcement agents, and my training and experience, there is probable cause to believe that evidence, fruits, and/or instrumentalities of violations of 18 U.S.C. § 2252(a)(2) (Receipt or Distribution of Depictions of Minors Engaged in Sexually Explicit Conduct), and 18 U.S.C. § 2252(a)(4)(B) (Possession of Depictions of Minors Engaged in Sexually Explicit Conduct) exists and will be found in the electronically stored information or communications contained and associated with the SUBJECT SKYPE ACCOUNT (Microsoft/Skype account with username "kjomart1") (and any attachments, multimedia messages, stored instant messages, stored voice messages, documents, and images/videos associated therewith), as well as in subscriber and log records associated with this account.

///

///

///

1    53.    Accordingly, by this Affidavit and warrant I seek authority for the government

2 to search all of the items specified in Section I, Attachment B (attached hereto and

3 incorporated by reference herein) to the warrant, and specifically to seize all of the data,

4 documents and records that are identified in Section II to that same Attachment.

5    DATED this _____ day of _____, 2016.

6

7    _____

8    SCOTT SUTEHALL, AFFIANT

9    Special Agent
   Department of Homeland Security

10    Homeland Security Investigations

11

12    SUBSCRIBED and SWORN to before me this  1st  day of  June  ,

13    2016.

14

15    _____

16    BRIAN A. TSUCHIDA
   United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

S/A SUTEHALL AFFIDAVIT - 17
Skype Account "kjomart1"

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTACHMENT A

### Place to Be Searched

The electronically stored information and communications contained in, and associated with Skype username "kjomart1," as well as all other subscriber and log records associated with the account, which are located at premises owned, maintained, controlled or operated by Microsoft Corporation, headquartered at One Microsoft Way, Redmond, WA 98052.

S/A SUTEHALL AFFIDAVIT - 1
Skype Account "kjomart1"

## ATTACHMENT B

## ITEMS TO BE SEIZED

### Section I – Items to be provided by Microsoft/Skype for Search

All electronically stored information and communications contained in the Skype account/username "kjomart1" for the past 180 days, including, but not limited to:

a. Information captured at the time of account registration, including the date and time of account opening, the user's full name, billing address, date of birth, phone number, related email account(s), alias(es), screen name(s), and the IP address from which the account was created;

b. The user's payment method, including checking and/or credit card number(s), and detailed billing records;

c. Skype Numbers currently subscribed to, as well as a historical list of Skype Number(s) subscribed to;

d. Historical call detail records for calls placed to the public switched telephone network (PSTN);

e. Historical call detail records for calls received from the public switched telephone network (PSTN);

f. SMS historical detail records;

g. Historical Skype WiFi hotspots records;

h. Historical record of e-mail and password change activity;

i. The user's Skype contact/buddy list;

j. Any and all other log records, including IP address captures;

k. The user's chat records and media content, including the content of all messages sent and received for the past 180 days, the date and time those messages were sent, the type of Skype client/application (website, desktop, mobile, etc.) used to send/receive the message, the Skype username(s) of the message sender and receiver, and all media, including but not limited to images, videos, and/or audio recordings, sent and received.

S/A SUTEHALL AFFIDAVIT - 2
Skype Account "kjomart1"

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT B**

**ITEMS TO BE SEIZED**

**Section II – Items to be Seized**

From all electronically stored information and communications contained in the Microsoft/Skype account/username "kjomart1":

      a.    All messages, attachments, documents, and profile information, or other data that serves to identify any persons who use or access the account specified, or who exercise, in any way, any dominion or control over the specified account;

      b.    Any address lists or buddy/contact lists associated with the specified account;

      c.    All images and/or videos depicting child pornography, any messages or documents relating to the transmission of child pornography (including any attachments thereto), any evidence of child sexual abuse,, and any other data that otherwise constitute evidence, fruits, or instrumentalities of violations of 18 U.S.C. § 2252(a)(2) (Receipt or Distribution of Depictions of Minors Engaged in Sexually Explicit Conduct) and 18 U.S.C. § 2252(a)(4)(B) (Possession of Depictions of Minors Engaged in Sexually Explicit Conduct);

      d.    All subscriber records associated with the specified account, including name, address, records of session times and durations, length of service (including start date) and types of service utilized, telephone or instrument number or other subscriber number or identity, (including any temporarily assigned network address, and means and source of payment for such service) including any credit card or bank account numbers;

      e.    Any and all other log records, including IP address captures, associated with the specified account; and

      f.    Any records of communications between Microsoft/Skype, and any person about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users about the specified account. This is to include records of contacts between the subscriber and the provider's support services, as well as records of any actions taken by the provider or subscriber as a result of the communications.

S/A SUTEHALL AFFIDAVIT - 3
Skype Account "kjomart1"

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970